RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 0 8 2011

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

Case 1:11-cv-01891-CC-AJB  Document 6  Filed 07/08/11  Page 1 of 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

**Donald Foxworth**
Plaintiff.

Case No. 1:11-CV-1891-CC

-Vs-

**CAPITAL ONE BANK, d/b/a CAP ONE**
**CAPITAL ONE SERVICES, INC.**
Defendants.

### AMENDED COMPLAINT

Plaintiff, Donald Foxworth, hereby sues Defendants, Capital One Bank, an unknown entity; and Capital One Services, Inc., a Delaware Corporation; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*;

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages, which exceed $6,000.00.

5. Plaintiff, Donald Foxworth, is a natural person and domiciles in the State of Georgia.

6. Defendant, CAPITAL ONE BANK ("Capital One Bank"), is an unknown entity, not authorized to do business in Georgia.

7. Defendant, CAPITAL ONE SERVICES, INC. ("Capital One Services"), is a Delaware Corporation, authorized to do business in Georgia.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

### FACTUAL ALLEGATIONS

9. Plaintiff obtained his consumer credit from all three major reporting agencies and found entries by entities that he was not familiar within the reports.

10. Plaintiff determined that his consumer credit report had been inquired on various occasions by entities he did not recognize and without his consent.

12. In **March 09 2007,** Defendant did an inquiry on my Equifax credit report, with no permissible purpose.

13. **In April 13 2007,** Defendant did an inquiry on my Equifax credit report, with no permissible purpose.

14. In **May 15 2007,** Defendant did an inquiry on my Equifax credit report, with no permissible purpose

15. In **June 08 2007,** Defendant did an inquiry on my Equifax credit report, with no permissible purpose.

16. In **July 13 2007,** Defendant did an inquiry on my Equifax credit report, with no permissible purpose

17. In **August 10 2007,** Defendant did an inquiry on my Equifax credit report, with no permissible purpose.

18. Discovery of violations brought forth herein occurred within the statute of limitations as defined in FCRA, 15U.S.C. § 1681P.

## COUNT I

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681
### WILLFUL NON-COMPLIANCE BY DEFENDANTS
### CAPITAL ONE BANK AND CAPITAL ONE SERVICES

19. Paragraphs 1 through 18 are realleged as though fully set forth herein.

20. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

21. Equifax is a credit-reporting agency within the meaning of the FCRA, 15 U.S.C. § 168a(f).

22. Consumer credit report consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

23. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

24. Such permissible as defined by 15 U.S.C. §1681b are generally, if the consumer makes an application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

25. Plaintiff has never had any business dealings or accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from defendants.

26. At no time did plaintiff give his consent for Defendants to obtain his consumer credit report from any credit-reporting agency.

27. The actions of the Defendants obtaining the consumer credit report of the plaintiff with no permissible purpose or plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and is an egregious and excessive violation of Plaintiff's right to privacy.

## COUNT II

### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681
### NEGLIGENT NON-COMPLIANCE BY DEFENDANTS
### CAPITAL ONE BANK AND CAPITAL ONE SERVICES

28. Paragraphs 1 through 27 are realleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

30. Equifax is a credit-reporting agency within the meaning of the FCRA, 15 U.S.C. § 168a(f).

31. Transunion is a credit-reporting agency within the meaning of the FCRA, 15 U.S.C. § 168a(f).

32. Experian is a credit-reporting agency within the meaning of the FCRA, 15 U.S.C. § 168a(f).

33. Consumer credit report consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

34. The FCRA, 15 U.S.C. §1681b defines the permissible purposes for which a person may obtain a consumer credit report.

35. Defendant obtained plaintiff's credit report negligently from credit-reporting agencies with no permissible purpose under FCRA, 15 U.S.C. § 1681b and thereby damaged plaintiff's ability to attain employment due to the excessive inquires,

WHEREFORE, Plaintiff demands judgment for damages against Defendants for actual or statutory damages of $1000.00 per violation, and punitive damages, fees and costs, pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: July 08, 2011

Respectfully submitted,

by: *[signature]*

Donald Foxworth
3841 Kensington Road
Decatur, Georgia 30032
(404) 984-4030