IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

| | |
|---|---|
| DONALD FOXWORTH, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| v. | )   1:11-cv-01891-CC -AJB |
| | ) |
| CAPITAL ONE BANK "DBA" CAP ONE CAPITAL ONE SERVICES, INC. | ) ) |
| | ) |
|     DEFENDANTS. | ) |

**DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO THE AMENDED COMPLAINT**

Defendant identified in the Complaint as Capital One Bank "dba" Cap One properly known as Capital One Bank (USA), N.A. (Capital One) files this Answer to Plaintiff Donald Foxworth's Amended Complanit, stating as follows:

**PRELIMINARY STATEMENT**

1.    Capital One admits that Foxworth purports to bring an action for damages for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, et seq. Capital One denies that Foxworth is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## JURISDICTION AND VENUE

2. Capital One believes that the allegations contained in Paragraph 2 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One admits that this Court has subject matter jurisdiction over this proceeding.

3. Capital One believes that the allegations contained in the Paragraph numbered 3 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the Paragraph numbered 3 of the Amended Complaint. As such, the allegations are denied, and Capital One demands strict proof thereof.

4. Capital One admits that Plaintiff purports to seek in excess of $6,000 in damages. Capital One denies that Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

5. Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the Paragraph numbered 5 of the Amended Complaint. As such, they are denied, and Capital One demands strict proof thereof.

6. Capital One denies the allegations contained in the Paragraph numbered 6 of the Amended Complaint and demands strict proof thereof.

7. Capital One admits that Capital One Services, LLC is the successor of Capital One Services, Inc. and that it is a Delaware limited liability company. Capital One admits that Capital One Services, LLC is authorized to do business in the State of Georgia. To the extent that the allegations contained in the Paragraph numbered 7 of the Amended Complaint are intended to stand for additional propositions, they are denied, and Capital One demands strict proof thereof.

8. Capital One states that it is unclear what Foxworth means by use of the phrase "[a]ll conditions precedent" in the Paragraph numbered 8 of the Amended Complaint. As such, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied, and Capital One demands strict proof thereof.

**FACTUAL ALLEGATIONS**

9. Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the Paragraph numbered 9 of the Amended Complaint. As such, the allegations are denied, and Capital One demands strict proof thereof.

10. Capital One admits Foxworth purports to have determined that his credit report contained inquiries he did not recognize, and that the inquiries were performed without his consent. Capital One denies that it committed any wrongdoing and demands strict proof thereof.

11. Capital One denies the allegations contained in the Paragraph numbered 12 of the Amended Complaint and demands strict proof thereof.[1]

12. Capital One denies the allegations contained in Paragraph 13 of the Amended Complaint and demands strict proof thereof.

13. Capital One denies the allegations contained in the Paragraph numbered 14 of the Amended Complaint and demands strict proof thereof.

14. Capital One denies the allegations contained in the Paragraph numbered 15 of the Amended Complaint and demands strict proof thereof.

15. Capital One denies the allegations contained in the Paragraph numbered 16 of the Amended Complaint and demands strict proof thereof.

16. Capital One denies the allegations contained in the Paragraph numbered 17 of the Amended Complaint and demands strict proof thereof.

17. Capital One denies the allegations contained in the Paragraph numbered 18 of the Amended Complaint and demands strict proof thereof.

---

[1] The Amended Complaint omits a Paragraph 11.

## COUNT I

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES

18.     The responses to the allegations in the Paragraphs numbered 1 through 18 in the Amended Complaint are realleged as though fully set forth herein.

19.     Capital One believes that the allegations contained in the Paragraph numbered 20 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations. As such, the allegations are denied, and Capital One demands strict proof thereof.

20.     Capital One believes that the allegations contained in the Paragraph numbered 21 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One states that it is unclear what Plaintiff means by use of the phrase "Equifax" as used in the Paragraph. In light of this fact, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations. As such, the allegations are denied, and Capital One demands strict proof thereof.

21. Capital One states that it is unclear what Plaintiff means by use of the phrase "Consumer credit report consumer report within the meaning of" as used in the Paragraph numbered 22 of the Amended Complaint. As such, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied, and Capital One demands strict proof thereof.

22. Capital One admits that 15 U.S.C. § 1681b speaks for itself. To the extent that the allegations contained in the Paragraph numbered 23 of the Amended Complaint are intended to stand for additional propositions, they are denied, and Capital One demands strict proof thereof.

23. Capital One admits that 15 U.S.C. § 1681b speaks for itself. To the extent that the allegations contained in the Paragraph numbered 24 of the Amended Complaint are intended to stand for additional propositions, they are denied, and Capital One demands strict proof thereof.

24. Capital One denies that it committed any wrongdoing and demands strict proof thereof.

25. Capital One is diligently investigating the allegations contained in the Paragraph numbered 26 of the Amended Complaint. Capital One will supplement its Response to this Paragraph at the completion of its

investigation. In interim, the allegations are denied, and Capital One demands strict proof thereof.

26. Capital One denies the allegations contained in the Paragraph numbered 27 of the Amended Complaint and demands strict proof thereof. To the extent that the Paragraph numbered 27 of the Amended Complaint is followed by a WHEREFORE paragraph, Capital One further denies that Foxworth is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## COUNT II

**VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 NEGLIGENT NON-COMPLIANCE BY DEFENDANTS CAPITAL ONE BANK AND CAPITAL ONE SERVICES**

27. The responses to the allegations in the Paragraphs numbered 1 through 27 of the Amended Complaint are realleged as though fully set forth herein.

28. Capital One believes that the allegations contained in the Paragraph numbered 29 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One states that it is without sufficient knowledge or information to form a belief as to the truth of the allegations. As such, the allegations are denied, and Capital One demands strict proof thereof.

29. Capital One believes that the allegations contained in the Paragraph numbered 30 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One states that it is unclear what Plaintiff means by use of the phrase "Equifax" as used in the Paragraph. In light of this fact, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations. As such, the allegations are denied, and Capital One demands strict proof thereof.

30. Capital One believes that the allegations contained in the Paragraph numbered 31 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One admits, based on information and belief, that Trans Union is a Consumer Reporting Agency. To the extent that the allegations contained in the Paragraph numbered 31 of the Amended Complaint are intended to stand for additional propositions, they are denied, and Capital One demands strict proof thereof.

31. Capital One believes that the allegations contained in the Paragraph numbered 32 of the Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Capital One admits, based on information and belief, that Experian

is a Consumer Reporting Agency. To the extent that the allegations contained in the Paragraph numbered 32 of the Amended Complaint are intended to stand for additional propositions, they are denied, and Capital One demands strict proof thereof.

32. Capital One states that it is unclear what Plaintiff means by use of the phrase "Consumer credit report consumer report within the meaning of" as used in the Paragraph numbered 33 of the Amended Complaint. As such, Capital One is without sufficient knowledge or information to form a belief as to the truth of the allegations. In light of this fact, the allegations are denied, and Capital One demands strict proof thereof.

33. Capital One admits that 15 U.S.C. § 1681b speaks for itself. To the extent that the allegations contained in the Paragraph numbered 34 of the Amended Complaint are intended to stand for additional propositions, they are denied, and Capital One demands strict proof thereof.

34. Capital One denies the allegations contained in the Paragraph numbered 35 of the Amended Complaint and demands strict proof thereof. Capital One denies that Plaintiff is entitled to the relief sought in the WHEREFORE Paragraph of the Amended Complaint immediately following the Paragraph numbered 35. Capital One further denies that

Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

35. Capital One denies each and every material allegation not specifically admitted and demands strict proof thereof.

## RESERVATION OF RIGHTS

Capital One reserves the right to supplement and/or amend its Answer to the Amended Complaint at the completion of its investigation and permissible factual discovery.

## FIRST DEFENSE

Foxworth's Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Foxworth's has not experienced any actual damages.

## THIRD DEFENSE

Foxworth has failed to mitigate any alleged damages.

## FOURTH DEFENSE

To the extent Foxworth has experienced any actual damages, they were the result of an intervening and/or superseding cause for which this Defendant is not legally responsible.

## FIFTH DEFENSE

To the extent that Foxworth experienced any actual damages, they were the result of individuals and/or entities for which this Defendant is not legally responsible.

## SIXTH DEFENSE

Some or all of Plaintiff's claims and causes of action are barred by the statute of limitations.

## SEVENTH DEFENSE

At all times, Capital One acted in good faith without malice toward Foxworth.

## EIGHTH DEFENSE

To the extent that Plaintiff sustained any injury, it was the result of a bona fide error despite the maintenance of policies and procedures designed to prevent the error.

## NINTH DEFENSE

Plaintiff's Amended Complaint is barred by the doctrines of waiver, estoppel, ratification and acquiescence.

## TENTH DEFENSE

Plaintiff's claims and causes of action asserted against Capital One are barred because at all times, Capital One acted in good faith in conformity

with all rules, regulations and interpretations of law relevant to Plaintiff's claims.

**ELEVENTH DEFENSE**

Some or all of Plaintiff's claims and causes of action asserted against Capital One are barred because Plaintiff has no damages and/or the damages that he seeks are speculative, inflated and/or artificial.

**TWELFTH DEFENSE**

The claim for punitive damages is contrary to, and violative of the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Commerce Clause of the Constitution of the United States.

**THIRTEENTH DEFENSE**

The claim for punitive damages is contrary to, and violative of the due process (Art. I, § I) and equal protection (Art. I, § I) provisions of the 1983 Constitution of the State of Georgia.

**FOURTEENTH DEFENSE**

The Amended Complaint fails to state a claim for which punitive damages can be recovered.

**FIFTEENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under the applicable law would violate Defendant's due process rights guaranteed by the Fourth Amendment of the United States Constitution and by the due process provisions of any corresponding state Constitution.

**SIXTEENTH DEFENSE**

Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages by a jury that (1) is not provided a standard sufficient for determining the appropriateness or the appropriate amount of a punitive award, (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to ward punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth

Amendment to the United States Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by corresponding State constitutional provisions providing for due process, equal protection and the guarantees against double jeopardy.

## SEVENTEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the due process provisions of the relevant State Constitution.

## EIGHTEENTH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct in connection with the matters that are the subject of this lawsuit would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and the corresponding State constitutional provisions providing for due process and the guarantee against double jeopardy, because such an award in this case would not prevent Defendant from being subject to other judgment

awarded with the goal of punishing Defendant for the same wrong. In effect, Defendant would receive multiple punishments for the same wrong.

### NINETEENTH DEFENSE

Any award of punitive damages in this case would violate this Defendant's right under the substantive and procedural Due Process Clause of the United States Constitution and corresponding provisions of the relevant State Constitution, the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, the contract clause of Article Two of the United States Constitution, and the Equal Protection Clause of the United States Constitution and corresponding provisions of the relevant State Constitution.

### TWENTIETH DEFENSE

The relevant State punitive damages system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express range of penalties established by the legislature.

### TWENTY-FIRST DEFENSE

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and

constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to Defendant's alleged conduct in this matter or to any alleged harm to Plaintiff and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the corresponding provision of the relevant State Constitution.

## TWENTY-SECOND DEFENSE

The relevant State common law and statutory provisions do not afford to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damages awards.

## TWENTY-THIRD DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon a state enforced

policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon Defendant's status as a large corporate entity.

### TWENTY-FOURTH DEFENSE

Plaintiff's claims for punitive damages against Defendant cannot be sustained, because any such award of damages under the relevant State law exceeding the limits authorized by the relevant State Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the corresponding State constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### TWENTY-FIFTH DEFENSE

Any award of punitive damages based on anything other than Defendant's conduct, if any, in connection with the sale of the specific product that is the subject of this case to the specific plaintiff, as opposed to conduct outside the State of the residence of the particular plaintiff and conduct relative to anyone other than the specific plaintiff, would violate the Due Process and Equal Protection Clauses of the United States Constitution and the relevant State Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the

relevant State constitutional provisions providing for due process and the guarantee against double jeopardy, because any other judgment for damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.  See Gore v. BMW of North America, Inc., 115 S. Ct. 1509 (1996); State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003).

### TWENTY-SIXTH DEFENSE

With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards set forth in the United States Supreme Court decisions of Gore v. BMW of North America, Inc., 116 S. Ct. 1509 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003); Phillip Morris USA v. Williams, 549 U.S. 346 (2007).

### TWENTY-SEVENTH DEFENSE

Any award of punitive damages must be limited in accordance with O.C.G.A. § 51-12-5.1.

Dated July 27, 2011

Respectfully Submitted,

*/s Joshua H. Threadcraft*
Joshua H. Threadcraft (100495)
Burr & Forman, LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone:  (205) 251-3000
Facsimile:  (205) 413-8701
E-mail:   Joshua.Threadcraft@burr.com

Attorney for Defendant Capital One Bank (USA), N.A.

## CERTIFICATE OF COUNSEL

I hereby certify that the foregoing **DEFENDANT CAPITAL ONE BANK (USA), N.A.'S ANSWER TO THE AMENDED COMPLAINT** has been prepared in Times New Roman, 14 pt. font, one of the font and point selections approved by the Court in Local Rule 5.1(b).

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 27th day of July, 2011, I caused a copy of **Defendant Capital One Bank (USA), N.A.'s Answer to Amended Complaint** to be electronically filed with the Clerk of Court using the cm/ecf system, and that I caused a copy of the foregoing to be served via first class U.S. Mail, postage prepaid as follows:

Donald Foxworth
3841 Kensington Rd.
Decatur, GA 30032-1730

*/s Joshua H. Threadcraft*
Joshua H. Threadcraft